Filed 9/20/24  Gordon v. Sodexo CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| CHANEL GORDON et al.,<br><br>        Plaintiffs and Respondents,<br><br>v.<br><br>SODEXO, INC. et al.,<br><br>        Defendants and Appellants. | A168122<br><br>(San Mateo County<br>Super. Ct. No. 21CIV05882) |

In this appeal from an order denying a petition to compel arbitration, the defendants contend that the trial court erred in concluding they had not met their burden to show that the plaintiffs consented to arbitration.  In the trial court, defendants argued that plaintiffs had demonstrated their consent by electronically signing an arbitration agreement.  On appeal, defendants take a different position, arguing instead that the arbitration agreement was a "unilateral proposal calling for implied assent through continued employment."  Because this argument was not raised in the trial court, defendants have forfeited it, and we shall affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2021, plaintiffs Chanel Gordon and Matthew Sanchez sued Sodexo, Inc.; Sodexo North America; SDH Services West, LLC; Sodexo America, LLC; Sodexo Operations, LLC; and Nourish, Inc. (defendants) alleging employment-related claims on behalf of themselves and similarly situated

1

employees under the Labor Code Private Attorneys General Act of 2004 (Lab. Code, § 2698 et seq.).

Defendants asserted as an affirmative defense that plaintiffs' claims were subject to binding contractual arbitration. The action was stayed pending the United States Supreme Court's decision in *Viking River Cruises, Inc. v. Moriana* (2022) 596 U.S. 639, and the California Supreme Court's decision in *Adolph v. Uber Technologies, Inc.* (2023) 14 Cal.5th 1104. In January 2023, while *Adolph* was pending, the trial court lifted the stay to permit arbitration-related discovery and set a June 2023 hearing date for defendants' motion to compel arbitration.

In their motion, defendants argued that each of the plaintiffs agreed to submit disputes to arbitration in the course of an "onboarding process" in which they electronically signed an arbitration agreement. Defendants presented evidence that in an online process using a website portal, the plaintiffs were presented with a hyperlink to a "Mutual Agreement to Arbitrate Claims," and that below the hyperlink was a statement, "Once you review, please click the 'Add My Signature' Button. By clicking the button below, you are applying your electronic signature." Defendants argued that their records showed that each plaintiff had clicked the button, thereby agreeing to submit any disputes to arbitration.[1]

In opposing the motion, plaintiffs pointed out that the purportedly signed arbitration agreements that defendants presented as evidence did not in fact show any electronic signatures, even though other onboarding documents that defendants presented and claimed were electronically signed,

_____

[1] Defendants also argued that the arbitration agreement encompassed plaintiffs' claims and that plaintiffs could not establish that the agreement was unconscionable. The trial court did not reach those arguments, and we need not reach them here.

including offer letters, electronic consent pages, and W-4 forms, *did* show electronic signatures. Plaintiffs argued that without the electronic signatures, defendants failed to show mutual consent to the arbitration agreements and therefore failed to meet their burden to establish an agreement to arbitrate.

The trial court issued a tentative ruling denying the motion to compel arbitration, and after a hearing it adopted its tentative ruling as the court's order. The court found that in the absence of signatures on the produced arbitration agreements, plaintiffs failed to meet their burden to show by a preponderance of the evidence that plaintiffs agreed to arbitration. Among other things, the court found that defendants failed to address the inconsistencies in the onboarding process, where clicking an "Add My Signature" button added an electronic signature to some documents but not to others. This appeal followed.

## DISCUSSION

It is a fundamental principle of appellate review that " 'a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court.' Thus 'we ignore arguments, authority, and facts not presented and litigated in the trial court. Generally, issues raised for the first time on appeal which were not litigated in the trial court are waived.' " (*Newton v. Clemons* (2003) 110 Cal.App.4th 1, 11, fn. omitted.) A leading treatise on appellate practice explains that the rule that new theories cannot be asserted for the first time on appeal "is based on fairness—it would be unfair, both to the trial court and the opposing litigants, to permit a change of theory on appeal; and it also reflects principles of estoppel and waiver." (Eisenberg et al., Cal. Practice

Guide:  Civil Appeals and Writs (The Rutter Group 2023) ¶ 8:229, italics omitted.)

Here, defendants argue for the first time that the arbitration agreements at issue were lawful unilateral contractual offers that expressly called for assent by the performance of employment duties, as reflected in a provision in each agreement stating, "I manifest my agreement to be bound by accepting employment with Sodexo."  Defendants contend that the trial court "inexplicably—and incorrectly—assumed" that each arbitration agreement was a bilateral offer that the plaintiff had to expressly accept.

There is nothing "inexplicable" about the trial court's "assumption": the trial court treated the arbitration agreements as bilateral offers that plaintiffs had to expressly accept because that is how the defendants presented the issue to the court in their motion to compel arbitration, where they argued that plaintiffs had electronically signed the arbitration agreements, thereby creating enforceable contracts.  And if, as defendants contend, the trial court's assumption was "incorrect," its error was invited by the defendants, and we will not now hear them to complain about it. (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 403 [" '[w]here a party by his conduct induces the commission of error, he is estopped from asserting it as a ground for reversal' on appeal"].)

Defendants never argued in the trial court that the plaintiffs had manifested their acceptance of the arbitration agreement by accepting employment.  Anticipating the obvious argument that they waived this new theory, defendants assert in a footnote in their opening brief on appeal that they raised their unilateral contract theory at the hearing on the motion to compel arbitration.  As an initial matter, we note that a footnote is not an appropriate way to state a contention on appeal, and therefore we need not

4

address this assertion at all. (See *Sabi v. Sterling* (2010) 183 Cal.App.4th 916, 947 [" '[w]e do not have to consider issues discussed only in a footnote' "].) But in any event, the point is meritless. During the hearing on the motion to compel, as part of defendants' argument that plaintiffs electronically signed the arbitration agreement and in order to support the point that "it most certainly was clear if you actually read the agreement" that the document was in fact an agreement, defendants' counsel stated, "[T]here was a link for mutual agreement to arbitrate and they clicked on that link and it would pop up as a separate document and you can see the way in which it would appear [by looking at one of the exhibits]. The arbitration agreement itself says that it's an agreement and it says that I manifest my agreement to be bound by accepting employment by Sodexo, and then it says in bold print," at which point counsel read into the record a bold-face sentence that appears in the agreement under the heading "Voluntary Agreement."[2] Reciting the text of an agreement is not the same as making a legal argument. Moreover, after reading from the agreement, defendants' counsel continued with the argument that plaintiffs had manifested their agreement to arbitrate by electronically signing the documents, stating that "to manifest the agreement . . . the employee clicks on the 'add my signature' button," creating a record in defendants' tracking system, and "through this process . . . we know they [they] signed and agreed to arbitration."

---

[2] That sentence states, "I have carefully read this Agreement; I understand its terms; all understandings and agreements between the company and me relating to the subjects covered in the Agreement are contained in it; and I enter into the Agreement voluntarily and not in reliance on any promises or representations by the company other than those contained in this Agreement."

We decline defendants' invitation to exercise our discretion to entertain their new theory on appeal.

## DISPOSITION

The order denying defendants' motion to compel arbitration is affirmed. Plaintiffs shall recover their costs on appeal.

_____

Miller, J.

WE CONCUR:


_____

Stewart, P.J.


_____

Desautels, J.


A168122, *Gordon v. Sodexo*